IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Matthew Dustin Perry, ) | Civil Action No.: 8:10-cv-02436-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court are: (1) Petitioner's Petition for Writ of Habeas Corpus [Docket #1]; (2) Respondent's Motion for Summary Judgment [Docket #14]; (3) Petitioner's Motion for Discovery [Docket #33]; and (4) Petitioner's Motion to Expand the Record [Docket #34]. These matters are before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Respondent's Motion for Summary Judgment as to the Petitioner's § 2254 claim and deny the Petition.

**Procedural History and Factual Background**

In the instant *pro se* Petition for Writ of Habeas Corpus, the Petitioner raises the following six issues: (1) trial counsel was ineffective because he changed the wording of Petitioner's *pro se* motion to dismiss all charges; (2) trial counsel was ineffective by failing to move to quash the two direct indictments; (3) trial counsel was ineffective by failing to call forth exculpatory witnesses; (4) trial counsel was ineffective by failing to move to quash the duplicitous murder

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Austin for pretrial handling.

indictment; (5) prosecutorial misconduct; and (6) trial counsel was ineffective by failing to move for a directed verdict on the armed robbery charge.

This matter was initiated on September 17, 2010. On December 16, 2010, the Respondent filed a Motion for Summary Judgment. Subsequently, the Petitioner filed a Response in Opposition. The Magistrate Judge issued an R&R on April 29, 2011, in which she recommends that the Court grant summary judgment in favor of the Respondent. On May 16, 2011, the Petitioner filed timely objections to the R&R.

The procedural history and factual background in this case are clearly summarized in the Magistrate Judge's R&R. As the parties do not appear to object to the Magistrate Judge's recitation of the procedural history or factual findings, they need not be restated here. The Court hereby incorporates by reference pages two through seven of the R&R. [Docket #28, pp.2-7].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific

objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

*The Antiterrorism and Effective Death Penalty Act of 1996*

The Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a federal court may only grant habeas corpus relief under Section 2254(d) with respect to a claim adjudicated on its merits in a state court proceeding if that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Frazer v. South Carolina,* 430 F.3d 696, 703 (4th Cir. 2005).

The proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness," and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1).  As such, federal courts must accord "considerable deference in their review of state habeas proceedings." *Lovitt v. True,* 403 F.3d 171, 178 (4th Cir. 2005) (citing *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770, 786 (U.S. 2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).  Under the AEDPA, a state court's decision "must be granted a deference

and latitude that are not in operation" when the case is being considered on direct review. *Id.* at 785. Moreover, a review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 786. Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

## Discussion

The Petitioner's first objection is directed at the Magistrate Judge's finding as to his allegation of prosecutorial misconduct. Specifically, the

> Petitioner argues that his Due Process rights were violated by the Prosecutorial Misconduct. According to South Carolina Rules of Criminal Procedure, Rule 2(a), and S.C. Code Ann. § 17-23-160, the Petitioner was to be brought before a magistrate judge to be given notice of his right to request a preliminary hearing. This hearing

>would have been requested by the Petitioner and the conspiracy and kidnapping charges may have been dismissed[.] . . . Prosecution's actions in gaining the indictment denied the Petitioner his due process rights, which if had been [i]nvoked, the trial of the Petitioner may have ended differently.

Objections, p.2. The test for "prosecutorial misconduct has two elements: (1) whether the prosecutor's remarks or conduct was improper, and (2) whether such remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." *United States v. Francisco,* 35 F.3d 116, 120 (4th Cir. 1994). This ground for relief was included in the Petitioner's application for post-conviction relief ("PCR"), which was filed on April 14, 2006. Based on the Petitioner's limited testimony relating to this claim at the PCR hearing, the PCR court found that the Petitioner failed to produce any evidence of improper conduct by the prosecutor, which is a finding the Magistrate Judge concludes is supported by the record. After carefully combing through the record in this case, this Court agrees with the Magistrate Judge's conclusion that "the PCR court's dismissal of Petitioner's claim of prosecutorial misconduct was not an unreasonable application of federal law because Petitioner failed to show any misconduct by the prosecutor that made Petitioner's trial so unfair that Petitioner's conviction was a denial of due process." R&R, p.20; *see Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974); *see also Harrington,* 131 S. Ct. at 785 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Further, the Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d) & (e)(1). Thus, the Petitioner is not entitled to habeas relief on this ground.

The Petitioner's remaining objections are directed at the Magistrate Judge's findings with respect to the Petitioner's various allegations of ineffective assistance of counsel. To establish ineffective assistance of counsel, the Petitioner must show that his attorney's performance was both deficient and prejudicial to his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). To satisfy the first prong of the *Strickland* test, the Petitioner must show that his attorney's representation fell below "an objective standard of reasonableness." *Id.* at 687. There is a strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance, and the Court's scrutiny of the attorney's performance must be highly deferential. *Id.* at 688-89. The second prong of the *Strickland* test requires that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington,* 131 S. Ct. at 788. The Court noted that while "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* (quoting *Padilla v. Kentucky,* 130 S. Ct. 1473, 1485 (U.S. 2010)).

The Magistrate Judge's R&R sets out in great detail all of the findings made by the state PCR judge. After review of the record in this case, the Magistrate Judge determined that the Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting these claims or that the PCR court made

objectively unreasonable factual findings. *See Williams,* 529 U.S. at 410; 28 U.S.C. § 2254(d). In his objections to the R&R, the Petitioner makes little effort to demonstrate how these findings are incorrect. In fact, the Petitioner's objections are little more than a reassertion of the claims advanced in this case. This Court has carefully reviewed all of the objections made by the Petitioner and has conducted the required *de novo* review. Having done so, the Court is left with the firm conviction that the Magistrate Judge's recommended disposition is correct, and the Petitioner has failed to show that the state court's ruling on his ineffective assistance of counsel claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. The Petitioner has failed to show that the state court unreasonably applied *Strickland* or that it made unreasonable factual findings regarding his ineffective assistance of counsel claims.

Having thoroughly reviewed the entire record, the Petitioner's objections, and the applicable law, the Court finds that the Petitioner has not shown that the state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, the Petitioner's objections are all overruled.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, the Respondent's Motion for Summary Judgment [Docket #14] is **GRANTED**, and the Petitioner's Petition for Writ of Habeas Corpus [Docket #1] is **DENIED.** The Petitioner's other pending motions are **MOOT.**

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

>                              s/ R. Bryan Harwell
>                              R. Bryan Harwell
>                              United States District Judge

Florence, South Carolina
September 27, 2011